PAZ, DEMANDANTE Y APELADO, *v.* BONET, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 2680.—Resuelto en julio 11, 1922.

DAÑOS Y PERJUICIOS—NEGLIGENCIA—ALEGACIÓN SUFICIENTE.—Una demanda en reclamación de daños por negligencia no es ambigua o insuficiente porque alegue que el demandado guiaba su automóvil a velocidad excesiva, sin tocar

bocina y sin estar autorizado por el Comisionado del Interior para guiarlo. Una u otra clase de negligencia, en caso de causarse daño a otro, pueden dar lugar a una acción para recobrar una indemnización por los perjuicios sufridos, pero las dos modalidades, si podemos llamarlas así, pueden coexistir sin ser incompatibles.

ID.—ID.—Una certificación del Comisionado del Interior creditiva de que en determinada fecha el demandado no estaba autorizado para guiar vehículos de motor es admisible en evidencia cuando tal circunstancia ha sido objeto de alegación.

ID.—AUTOMÓVILES—PRUEBA DEL DOMINIO DEL AUTOMÓVIL.—El testimonio afirmativo no contradicho del demandante y el traspaso que a su favor hiciera la persona de quien hubo el automóvil en la licencia expedida por el Comisionado del Interior aunque ésta no hubiera sido registrada hasta después de acaecido el accidente, son prueba suficiente de que el demandante era dueño del vehículo que sufrió los daños.

ID.—PRUEBA DE LOS DAÑOS Y PERJUICIOS.—Examinada por el Tribunal Supremo la prueba que se reseña en la opinión, se resolvió: que es suficiente para sostener la sentencia condenatoria.

No. 2680.—Resuelto en reconsideración en noviembre 9, 1922.

APELACIÓN INEXISTENTE—COSTAS—DERECHOS DEVENGADOS POR ESCRITO DE APELACIÓN—SELLOS DE RENTAS INTERNAS.—Cuando no se adhieren a un escrito de apelación los sellos de rentas internas correspondientes en concepto de costas, de acuerdo con la ley regulando el cobro de derechos y costas en causas civiles, aprobada en marzo 11, 1915, dicho escrito es nulo y sin ningún valor, por ser ese requisito esencial al perfeccionamiento de la apelación; y si con él no se cumple antes de vencido el término para apelar el status es el mismo que si no se hubiera apelado en tiempo.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. A. A. Vázquez.

Abogados del apelado: Sres. Benet & Souffront.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En 18 de abril de 1921 ocurrió en la carretera que de Mayagüez conduce al pueblo de Añasco, un choque de dos automóviles y como consecuencia del mismo Genaro Paz interpuso la demanda de este caso solicitando que se le indemnizara de los daños y perjuicios que había sufrido por diferentes conceptos y debidos única y exclusivamente a la negligencia del demandado.

Domingo Bonet, demandado, excepcionó la demanda alegando ser ambigua o dudosa; esta excepción fué desesti-

mada y entonces dicho demandado excepcionó de nuevo la demanda por falta de causa de acción, contestando al mismo tiempo, y presentando además una contra-demanda solicitando a su vez se le indemnizara de daños y perjuicios originados por el choque y causados por la negligencia del contra-demandado y demandante.

La corte inferior dictó sentencia declarando con lugar la demanda, pero reduciendo la indemnización a menor suma que la reclamada por el demandante, y sin lugar la contra-demanda. Contra dicha sentencia el demandado apeló ante esta corte solicitando su revocación.

Después de la sentencia, el demandado pidió la celebración de un nuevo juicio, apoyando su moción en *affidavits* y en los autos y minutas del récord. La moción fué desestimada por lo que, más adelante, será también materia para ser considerada.

Señala el apelante los siguientes errores:

Las desestimaciones de las excepciones previas de ambigüedad y la de no aducir la demanda hechos suficientes para determinar una causa de acción.

La admisión de cierta certificación expedida por el Comisionado del Interior en 25 de agosto de 1921; y

Que la sentencia es contraria a la ley y la prueba insuficiente para sostenerla.

Los dos primeros errores podremos examinarlos conjuntamente porque se repiten por el apelante las mismas razones para sostenerlos. Se nos dice que la negligencia que se atribuye al demandado se alega en dos formas distintas y que cada una produce una causa de acción diferente. La primera se refiere a que el demandado guiaba su automóvil a velocidad excesiva, sin tocar bocina; y la segunda a que lo guiaba sin estar autorizado para ello por el Comisionado del Interior (artículo 2 de la Ley de Automóviles, aprobada en abril 13 de 1916). No es como alega el apelante que las formas así alegadas de negligencia den lugar a acciones di-

ferentes y que hagan ambigua o insuficiente la demanda.
Una u otra clase de negligencia, en caso de causarse daño
a otro, pueden dar lugar a una acción para recobrar una in-
demnización por los perjuicios sufridos, pero las dos mo-
dalidades, si podemos llamarlas así, pueden coexistir sin ser
incompatibles. Lo primero que se ha de considerar en un
caso de negligencia es el debido cuidado que había de ser
observado bajo las circunstancias en que el accidente haya
ocurrido. La velocidad, el toque de bocina, la marcha lo
más a la derecha del operador, son condiciones que influyen
de un modo concluyente al determinar la responsabilidad
del operador de un vehículo de motor. Pero si a esto se
añade la falta de licencia para el manejo de un automóvil,
circunstancia que aisladamente puede ser objeto de respon-
sabilidad exigible en caso de accidente por la persona que
sufre el daño, entonces tendríamos que además se alegaría
*prima facie* determinada circunstancia que por sí constitui-
ría negligencia haciendo responsable al demandado por los
daños causados.

"Todos los operadores de vehículos de motor además de ejercitar
cuidado razonable y cautela para la seguridad de otras personas que
tienen derecho a usar los caminos públicos, deberán hacer todo aquello
que exige la Ley Estatutoria de la jurisdicción siempre que las con-
diciones en ella referidas surjan, y el no cumplir con las reglamen-
taciones impuestas por la ley u ordenanza puede por sí constituir
negligencia y hacer responsable al operador por los daños que sobre-
vengan en el caso de que por ello alguna persona sufra lesiones per-
sonales. Sin embargo, si el *chauffeur* de un automóvil cumple con
todos los requisitos de un estatuto que regula el manejo de vehículos
de motor, puede todavía ser responsable por no ejercitar el cuidado
ordinario para evitar perjuicios a otra persona que viaja por la
carretera." 2 *Ruling Case Law,* pág. 1184.

Alega además el apelante que no hay causa de acción en
la demanda, porque no se establece hecho alguno de donde
resulte que el demandante es dueño del automóvil que ma-
nejaba. En el hecho primero de la demanda se alega espe-

cíficamente que el demandante es y era el dueño del automóvil Ford No. 143, de servicio público, y encontramos que tal alegación es suficiente para establecer el carácter de dueño.

No vemos como impertinente la admisión que hizo la corte inferior de cierta certificación expedida por el Comisionado del Interior en agosto 25, 1921, ni error alguno en su admisión como prueba. En dicha certificación se hace constar que el demandado no está autorizado para manejar vehículos de motor en Puerto Rico. Si se relaciona esta prueba con la alegación de la demanda en donde se afirma tal circunstancia, se hace fácil entender que la admisión de dicho documento ha sido pertinente.

Se trata ahora del error que atañe a la insuficiencia de la prueba. Ambas partes practicaron pruebas en apoyo de sus respectivas alegaciones. Como consecuencia la evidencia así presentada había de resultar contradictoria y el conflicto fué decidido por la corte inferior en favor del demandante, la que además practicó una inspección ocular, a petición de las partes, del sitio en donde ocurrió la colisión. Y nosotros, después de un cuidadoso estudio de la prueba hemos llegado a la misma conclusión de la corte inferior. El demandante guiaba su automóvil marca Ford portando pasajeros, inferior y menos fuerte al del demandado marca Buick, que también lo guiaba, pero sin venir acompañado por ninguna otra persona. Es de razón lógica que si los testimonios de ambas partes interesadas son contradictorios, la fuerza probatoria de las personas que conducía el automóvil del demandante tengan singular importancia y que el peso de las mismas hayan inclinado la menté del juez sentenciador del lado de los derechos que han asistido al demandante. Es cierto que otras personas declararon en apoyo del demandado, pero por la forma y manera que esas personas se produjeron en el acto del juicio y la razón de sus dichos, parece que la corte inferior, que es la que pudo darse

mejor cuenta de su veracidad, no dió crédito alguno a dichas personas, y, por tanto, entre otras conclusiones de hecho que sentó la corte inferior y con las cuales estamos de acuerdo, es importante insertar las siguientes:

"La corte es de opinión que de la apreciación de la prueba contradictoria y de la inspección ocular practicada, resulta que viniendo el demandante Genaro Paz, manejando un automóvil de su propiedad, marca 'Ford,' y portando en él pasajeros, el día 18 de abril de 1921, y como a las 4 p. m. del mismo, desde el pueblo de Añasco para la ciudad de Mayagüez, al llegar al kilómetro 180, hectómetro –3– de la carretera de San Juan a Mayagüez, o sea entre el segundo y tercer kilómetro de la carretera que conduce de Mayagüez a Añasco, sitio conocido por la cuesta del Algarrobo, del municipio de Mayagüez, P. R., de este distrito judicial, venía en dirección contraria, es decir de Mayagüez para Añasco, un automóvil marca 'Buick', manejado por su propietario el demandado Domingo Bonet, a mucha velocidad, bajando la cuesta, haciendo *zig-zag* sin tocar bocina, ni dar aviso de proximidad y en tal forma que vino a chocar con el automóvil marca 'Ford', del demandante, Genaro Paz, destrozándolo y causando golpes y lesiones al demandante Genaro Paz, el que fué lanzado de su automóvil como consecuencia del choque.

"La corte estima que el demandado Domingo Bonet, al manejar en dicho día y hora el carro de su propiedad, marca 'Buick', lo hizo negligentemente, pues de conformidad a lo estatuído en la ley aprobada en 13 de abril de 1916, para reglamentar el uso de vehículos de motor en Puerto Rico, y para otros fines, no venía al caminar lo más a la derecha de su camino, precaución más obligatoria por cuanto en dicho sitio existe una curva la que estaba doblando, y en cuyos casos además debe de darse aviso con la bocina o aparato de alarma, para avisar la proximidad, lo que no hizo el demandado Domingo Bonet, como tampoco tomó bien su derecha, ni la velocidad a que venía su vehículo estaba regulada, tomando en cuenta el ancho del camino, tráfico y curva allí existente, y en dicho día además el demandado Domingo Bonet no estaba provisto, ni tenía licencia para manejar en Puerto Rico vehículos de motor, expedida por el Comisionado del Departamento del Interior, resultando probado de la evidencia documental presentada que la licencia para manejar vehículos de motor al demandado Domingo Bonet eran o fueron tres permisos, valederos por treinta días cada uno, habiéndose remitido el

primero en diciembre 8 de 1920, y que venció en enero 8 de 1921, el segundo permiso se expidió en enero 18 de 1921 y venció el 18 de febrero de 1921, y el tercer permiso le fué expedido en 19 de abril de 1921, es decir, al día siguiente del choque o accidente que ocurrió el día 18 de abril de 1921, el día anterior, demostrándose igualmente que en dicho día no venía con el demandado Domingo Bonet acompañado de ningún *chauffeur* o conductor que poseyera licencia para manejar vehículos de motor."

El apelante discute con bastante tenacidad la cuestión relativa al dominio del automóvil "Ford" que guiaba el demandante y alega que no se probó que éste fuera dueño de dicha máquina. Todo su razonamiento lo hace depender de que la licencia del referido automóvil, expedida por el Comisionado del Interior, si bien aparecía endosada por el anterior dueño al demandante en 1°. de abril no fué registrada en el Departamento del Interior hasta el 25 de dicho mes, fecha posterior al accidente. Sin embargo, no es la licencia el único medio probatorio para demostrarse el carácter de dueño de un automóvil ni tampoco dicha licencia tiene un valor absoluto sino relativo cuando se considere como título de dominio.

"La identificación de automóviles por sistemas de licencias y el requisito de que cada vehículo deberá llevar un número de registro colocado visiblemente es una de las precauciones que se han tomado para aminorar el peligro de causar daños a los viandantes y a otros viajeros cuando se manejan automóviles sin el debido cuidado, y para suministrar el medio de determinar la identidad de personas que infringen las leyes y las ordenanzas que regulan la velocidad y manejo de vehículos de motor en las carreteras." 2 *Ruling Case Law,* pág. 1176.

Parece también que la corte inferior, en relación al mismo extremo, no solamente tomó en consideración el endoso que se hizo de la licencia por el anterior dueño del demandante, sino que además tuvo en cuenta el testimonio de dicha parte y a quien le dió entero crédito toda vez que tampoco el demandado no impugnó ni rebatió por ningún otro medio de

prueba el hecho de que el automóvil "Ford" perteneciera a dicho demandante. Asimismo podemos decir respecto a la prueba del demandante para justificar los daños y perjuicios que le fueron causados con motivo del choque. El demandado no produjo prueba alguna que pudiera neutralizar o disminuir los efectos de dicha prueba a la que dió crédito la corte inferior.

No encontramos, por tanto, que se haya procedido en la apreciación de la prueba con pasión, prejuicio o que exista error manifiesto en la misma, y debemos aceptar la conclusión a que llegó el juez sentenciador declarando con lugar la demanda en cuanto a la suma de $987 con costas al demandado, y sin lugar la contra-demanda.

Respecto a la resolución de la corte inferior denegando la moción solicitando un nuevo juicio, no podemos tomar en consideración el error que en este punto se alega por el apelante, toda vez que dicha resolución no fué apelada.

Por todo lo expuesto, la sentencia debe ser confirmada en todas sus partes.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE NOVIEMBRE 9, 1922.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En julio 11, 1922, se dictó sentencia en este caso y por ella se resolvió confirmar la sentencia de la corte inferior. En julio 31, 1922, se presentó una moción, a nombre del demandado y apelante, solicitando la reconsideración de dicha sentencia y alegándose como fundamento, que esta corte no hizo declaración alguna respecto a la moción de nuevo juicio que fué denegada por la corte inferior y apelada ante esta corte.

El demandante y apelado se opuso a la moción de recon-

sideración y acompaña a su escrito de oposición una certifi-
cación del secretario de la corte inferior en donde se hace
constar que si bien el demandado y apelante apeló en 23 de
noviembre de 1921 de la decisión denegando la celebración
de un nuevo juicio, no adhirió a dicho escrito de apelación,
hasta el 23 de febrero de 1922, los derechos que en sellos
de rentas internas debían haberse adherido según exige la
ley regulando el cobro de derechos y costas en causas civiles,
aprobada en 11 de marzo de 1915. Resulta, por tanto, que
dichos derechos fueron satisfechos tres meses después de
archivado el escrito de apelación en la oficina del secretario.
En tales condiciones no podía sostenerse que la apelación
se había perfeccionado, a pesar de la presentación del escrito
de apelación y de su notificación a la otra parte. Como en
la fecha en que se pagaron los derechos de apelación había
expirado con exceso el derecho de apelar de la resolución de-
negando un nuevo juicio, no es posible que se pueda admitir
que el tardío pago de tales derechos podía haber revivido
un derecho que había sido extinguido fatalmente por la expi-
ración del término para apelar. Creemos, además, que tal
práctica no estaría en consonancia con la seriedad que se
debe imprimir a los procedimientos judiciales porque que-
daría al arbitrio de una parte aprovechar las oportunidades
de un término judicial según se creyera o no conveniente sa-
tisfacer los derechos determinados en la ley, para dar curso
a una actuación judicial. Como consecuencia las partes tie-
nen que cumplir estrictamente en las apelaciones con los re-
quisitos que son estatutorios y no puede quedar a su conve-
niencia el cumplimiento de los mismos. Ya esta corte ha
decidido en forma clara y terminante que es nulo y sin nin-
gún valor el escrito interponiendo el recurso de apelación en
donde no se haya adherido el sello correspondiente de ren-
tas internas en pago de las costas que determina la ley antes
citada de 11 de marzo de 1915. Véase *Nazario* v. *Santos,* 27
D. P. R. 89.

Podíamos, sin embargo, referirnos a la moción de nuevo juicio y hacer notar que dicha moción comprende y argumenta idénticas cuestiones que fueron resueltas en la apelación y, solamente se presentó como materia nueva, la imputación que hace el demandado de haberse alterado la fecha del traspaso en la licencia del automóvil "Ford," propiedad del demandante.

Aparte de lo que ya dejamos dicho en nuestra anterior opinión acerca del valor legal de las licencias que expide el Comisionado del Interior a los dueños de automóvil, en este caso se sometió el punto en controversia a la consideración de la corte inferior mediante *affidavit* y contra-*affidavit* y dicha corte inferior resolvió el conflicto en favor del demandante, no demostrándose en forma alguna que en su apreciación la corte inferior haya demostrado prejuicio o error manifiesto, y por consiguiente, debemos concurrir con su decisión denegando la moción de nuevo juicio.

Por las razones que dejamos expuestas la reconsideración solicitada debe denegarse.

*Sin lugar la reconsideración.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.