ROSA, JUANA, BELÉN, MERCEDES, ADELA y MARÍA CARRERAS Y FREYRES, demandantes y apeladas, *v.* JOSÉ E. PÉREZ y su esposa CAMELIA PAOLI, Y HERNÁNDEZ y HERMANOS, demandados y apelantes; las mismas *v.* JOSÉ E. PÉREZ y su esposa CAMELIA PAOLI, y MARÍA y SEVERO CANDELARIO y BECERRIL, demandados y apelantes.

Nos. 4542 y 4543.—*Vistos:* Abril 9, 1928. *Resueltos:* Mayo 31, 1928.

*J. Tous Soto* y *J. Pérez Cordero*, abogados de los apelantes; *A. Marín*, abogado de las apeladas.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 14 de marzo de 1928 Rosa, Juana, Belén, Mercedes, Adela y María Carreras por medio de sus abogados comparecieron ante esta Corte Suprema y presentaron dos mociones tituladas como arriba se expresa. Los hechos alegados en ellas son los mismos. En cada una se pide al tribunal: ''A.—Que declare que no existe apelación alguna en este caso. B.—Que declare nula e ineficaz tal apelación, y que la misma no ha conferido jurisdicción a esta Hon. Corte, y en su consecuencia que desestime cualquier apelación que se entienda establecida en este asunto.''

Las mociones se radicaron como el primer documento relativo a los recursos civiles Nos. 4542 y 4543 señalándose su vista para el 9 de abril siguiente:

En dicho día comparecieron en ambos casos por las demandantes su abogado A. Marín Marién, en el recurso No. 4542 compareció por los demandados apelantes el abogado J. Tous Soto y en el No. 4543 el abogado P. Amado Rivera por los demandados María y Severo Candelario. Todos informaron oralmente quedando radicados varios documentos.

Luego los abogados Marín y Tous han archivado memo-

rándums de autoridades sosteniendo sus respectivas posiciones.

Existe en verdad una lamentable confusión, pero no creemos que sea suficiente para desestimar la única apelación que está sometida a nuestra consideración y que sirvió de base a las dos mociones de las demandantes. Esa apelación es la que corresponde al recurso No. 4542.

En la corte de distrito las demandantes iniciaron dos pleitos sobre reivindicación de inmuebles, uno contra la Sucesión de Brígido Candelario que se radicó bajo el No. 1860 y otro contra José Pérez y su esposa Camelia Paoli y Hernández Hermanos que se radicó con el No. 1879. Ambos pleitos se acumularon para los efectos de la celebración del juicio y ambos fueron resueltos por dos sentencias favorables a las demandantes que se registraron el 18 de enero de 1928.

El siguiente documento fué entregado al secretario de la corte sentenciadora:

"EN LA CORTE DE DISTRITO DEL DISTRITO JUDICIAL DE SAN JUAN, PUERTO RICO.—Rosa, Juana, Belén, Mercedes, Adela, y María Carrera y Freyres, DEMANDANTES, Vs. José E. Pérez y su esposa Camelia Paoli, y Hernández y Hermanos, DEMANDADOS.—Civil No. 1860.—Reivindicación de Inmueble.—Civil No. 1879. Reivindicación de inmueble.—ESCRITO DE APELACIÓN—Al Secretario de esta Corte y al Lcdo. Alberto Marín Marién, abogado de los demandantes, San Juan, P. R.—Los demandados en el caso arriba titulado, José E. Pérez y su esposa Camelia Paoli y Hernández y Hermanos, comparecen por sus abogados que suscriben y NOTIFICAN A UDS. que no estando conformes con la sentencia dictada por esta Corte con fecha 13 de enero de 1928, declarando sin lugar la demanda presentada en este caso, registrada y notificada el día 18 de enero de 1928, APELAN DE ELLA Y DE TODAS SUS PARTES para ante el Hon. Tribunal Supremo de Puerto Rico.—San Juan, P. R., a 17 de febrero de 1928. *Firmado: José Tous Soto.—Joaquina Pérez Cordero.* Abogados de los Demandados José E. Pérez y su esposa Camelia Paoli y Hernández y Hermanos.—Notificado con copia. Hoy, 17 de febrero de 1926.—Firmado: A. Marín Marién, Abogado de

los Demandantes.—Radicado, (Filed) L.V.O.—Febrero 17 de 1928. Luis Vergne Ortiz. Secretario.''

El secretario lo unió al pleito No. 1860. Unos días después comparecieron los apelantes y presentaron a la corte una moción que dice:

''1.—Que en el presente caso los demandados José E. Pérez y su esposa Camelia Paoli, y Hernández y Hermanos, apelaron de la sentencia dictada en este caso, en tiempo y forma.

''2.—Que en el escrito de apelación se insertaron los títulos de los dos casos consolidados para el juicio o sea el presente y el de Rosa, Juana, Belén, Mercedes, Adela y María Carreras y Freyres vs. La Sucesión de Brígido Candelario, compuesta de sus hijos legítimos María y Severo Candelario y Becerril, No. 1860. Dicha apelación se interpuso expresamente a nombre de los dos demandados en el presente caso designándolos por sus nombres e identificando de este modo inequívocamente el caso en que se interponía la apelación.

''3.—Que el secretario por error agregó el escrito de apelación al récord del caso No. 1860, de Rosa, Juana, Belén, Mercedes, Adela y María Carreras y Freyres contra la Sucesión de Brígido Candelario, compuesta de María y Severo Candelario y Becerril, Demandados.

''4.—Que procede y así lo suplicamos a la Hon. Corte que el escrito de apelación se desglose del caso No. 1860 y se agregue al caso en que comparecemos.—San Juan, P. R., 24 de febrero de 1928. —Firmado. Joaquina Pérez Cordero y José Tous Soto.—abogados de los demandados y apelantes, José E. Pérez, Camelia Paoli y Hernándes y Hermanos.''

La corte proveyó: ''Como se pide.'' Y el secretario desglosó el escrito y lo unió al récord del pleito No. 1879.

Las demandantes y apeladas sostienen que por su faz el escrito revela que se trató de apelar en ambos pleitos en cuyo caso habiéndose adherido y cancelado un solo sello de rentas internas al escrito, éste no es válido de acuerdo con la ley y la jurisprudencia de esta corte sentada en los casos de *Nazario* v. *Santos,* 27 D.P.R. 896 y *Paz* v. *Bonet,* 30 D.P.R. 926.

Y sostienen también que dicho escrito no es válido y debe

desestimarse en tal virtud la apelación porque es tan con-fuso que no las informó debidamente de la intención de los apelantes viéndose obligados a presentar sus memorándums de costas en los dos casos por no saber a ciencia cierta en cuál de ellos se había interpuesto la apelación. Entre otras hacen la siguiente cita:

"El objeto del escrito de apelación es el de notificar a la parte contraria de la intención de apelar, y de la sentencia específica o resolución de que se apela. Debe considerarse suficiente el escrito siempre que sea lo suficientemente explícito en cuanto a estos particulares y siempre que no induzca a error al apelado." 2 Cal. Jur. 318.

No son aplicables los casos de *Nazario* y *Paz, supra*. Tampoco la jurisprudencia de California citada, con cuyos principios estamos enteramente conformes, sostiene la posición de la parte apelada.

Aunque en verdad se incluyeron en el escrito los títulos de ambos casos, del cuerpo del mismo se deduce que sólo se estableció la apelación en uno. El error se debió sin duda a haberse celebrado un solo juicio.

En el escrito se expresa que los que apelan son los demandados José Pérez y su esposa y Hernández Hermanos que lo fueron en el pleito No. 1879 y que lo hacen de la sentencia dictada en *el caso* que fué registrada y notificada a los dichos demandados el 18 de enero de 1928. La cuestión fué planteada luego ante la corte por los propios apelantes y quedó debidamente aclarada. Ningún perjuicio pudieron sufrir las demandantes.

Estas insisten en que debe desestimarse el recurso por otro motivo. Ponen en tela de juicio el que la notificación de apelación se entregara al secretario el 17 de febrero que era el último día del término para apelar. Sostienen que se radicó el 18.

Hemos examinado cuidadosamente todos los documentos presentados y las argumentaciones de las partes y aunque es

necesario reconocer que no están desprovistas de fundamento las de las demandantes, creemos que no son suficientes para destruir lo consignado expresamente por el secretario en el escrito mismo de apelación y luego en el libro de radicación.

La misma parte apelada admite que el escrito le fué notificado el 17 de febrero y se ha presentado prueba concluyente de que el sello de rentas internas se compró en dicho día. La certificación contradictoria preparada por el abogado de las apeladas y firmada por el sub-secretario de la corte, quedó explicada satisfactoriamente. Aunque la buena práctica, la que debe seguirse en todos los casos para evitar precisamente conflictos como el que estamos resolviendo, es la de anotar en el libro registro inmediatamente la notificación de apelación, lo que en verdad exige la ley es que se entregue al secretario el escrito y aquí el secretario consignó por sí mismo y ha certificado que el escrito le fué entregado el 17 de febrero.

Bajo ningún aspecto que el caso se considere, procede, pues, desestimar la apelación establecida en el pleito No. 1879 de la corte de distrito. *La moción de la parte apelada debe, en tal virtud, declararse sin lugar.*

¿Qué resolución debe adoptarse en relación con la moción radicada en esta Corte Suprema bajo el No. 4543? Por ahora nos parece que *debe declararse sin lugar también la moción,* dejando el registro abierto por si se está tramitando alguna apelación por la parte interesada. Si transcurriere un término razonable sin que dicha apelación se eleve, el secretario cancelará el asiento.

El Juez Asociado Señor Texidor no intervino.