BALTASAR PIÑAS, peticionario y apelante, *v.* CORTE MUNICIPAL DE SAN JUAN, SECCIÓN PRIMERA, HON. RAFAEL A. GONZÁLEZ, JUEZ, demandada y apelada.

Núm. 8626.—*Sometido:* Diciembre 14, 1942. *Resuelto:* Diciembre 22, 1942.

*Nicolás Lecároz Largé,* Oficial Jurídico del Departamento del Trabajo, abogado del apelante; *Carlos D. Vázquez,* abogado del juez recurrido.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se pide la desestimación del recurso de apelación interpuesto en este caso por falta de jurisdicción y por no haberse radicado la transcripción en tiempo.

Aparece de los autos que Ramón Cruz demandó en la Corte Municipal de San Juan a Baltasar Piñas reclamándole $36.99. Previa prestación de fianza, la corte decretó el aseguramiento de la sentencia que pudiera dictarse mediante embargo de bienes del deudor, cumpliéndose la orden por el márshal embargando "una cuarta parte de cualquier cantidad de dinero que deba ser pagada por la Central Constancia al demandado, como remuneración por su trabajo o por cualquier otro concepto." Lo que llegó a embargarse fueron $5.04, que se dedujeron del salario del demandado.

En mayo 16, 1941 la corte municipal dictó sentencia declarando la demanda con lugar, y firme la misma el demandante pidió que se le entregara la suma embargada en pago parcial de su crédito. En agosto 13, 1941, la corte resolvió "Como se pide."

Más de siete meses después el demandado Piñas por medio del oficial jurídico del Departamento del Trabajo pidió a la corte municipal que decretara la nulidad del embargo y la devolución de la suma retenida y cobrada. Su moción fué declarada sin lugar especialmente por no haberse satisfecho por el demandado el derecho de un dólar que establece la Ley núm. 10 de 1921 (pág. 113) de acuerdo con la cual se había tramitado el pleito, ni haber su abogado adherido a la misma el sello forense.

Piñas, representado por el dicho oficial jurídico, acudió entonces en *certiorari* para ante la Corte de Distrito de San Juan, y expedido el auto, compareció la corte municipal pidiendo su anulación. La corte de distrito accedió a ello y Piñas apeló de su sentencia para ante este tribunal.

"Según expusimos extensamente en corte abierta," dijo la corte de distrito en su sentencia, "entendemos que el abogado del peticionario está actuando debidamente en su capacidad de oficial jurídico del Departamento del Trabajo y por lo tanto no viene obligado a cancelar el sello del Colegio de Abogados. Creemos, no obstante, que el peticionario viene obligado a satisfacer los derechos del arancel ya que no se

trata de una contienda entre un obrero y su patrono, por lo que no es de aplicación lo dispuesto en la Ley.núm. 10 de 14 de noviembre de 1917 ((2) pág. 217), y tampoco se nos ha llamado la atención hacia ningún otro estatuto que pudiera eximir al peticionario del pago de los derechos del arancel. Si el peticionario carece de los medios para satisfacer estos derechos, puede obtener de esta corte y de la corte municipal el permiso necesario para litigar en forma *pauperis,* pero hasta tanto no consiga dicho permiso no podemos considerar las alegaciones que pretende hacer sin haber pagado los derechos que exige la ley.''

Los hechos expuestos hablan por sí mismos y el razonamiento del juez de distrito en el sentido de la no aplicación al caso de la Ley núm. 10 de 1917 resuelve la nueva situación surgida con motivo de la falta de pago de los derechos de arancel para apelar, ya que es en esa ley que el apelante se funda para sostener que no viene obligado a dicho pago.

Dicha ley, que fué enmendada por la número 40 de 1935, página 239, se dictó para determinar el procedimiento a, seguir cuando ''un obrero o empleado tuviere que reclamar de su patrono cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación'' cuando ''dicho obrero o empleado hubiere sido despedido de su empleo sin previo aviso y sin causa justificada'', y ése no es aquí el caso. El hecho de que Piñas fuera un obrero y el de que se retuviera su salario por su patrono no voluntariamente sino en cumplimiento de un mandato judicial, no son suficientes para colocar el asunto dentro de los términos de la ley. Todo lo que pudo reconocérsele al obrero y le fué reconocido es el beneficio de contar con los servicios del abogado del Departamento del Trabajo. En cuanto al pago de los cinco dólares que por cada escrito de apelación de las cortes de distrito al Tribunal Supremo fija la letra ''D'' del Arancel comprendido en la Ley núm. 17 de 1915, página 46, no tiene aquí el obrero por el solo hecho de serlo privilegio alguno.

██ La desestimación en tal virtud procede, sin necesidad de entrar a considerar y resolver el segundo motivo en que se funda. Como se dijo en *Delgado* v. *Cárdenas,* 34 D.P.R. 240, confirmando *Nazario* v. *Santos, Juez Municipal,* 27 D.P.R. 89, y *Paz* v. *Bonet,* 30 D.P.R. 919, "Cuando a un escrito de apelación no se acompañan los sellos de rentas internas correspondientes, el escrito es nulo, procediendo la desestimación de la apelación interpuesta si no se ha cumplido con dicho requisito antes de vencido el término para apelar".

*Debe decretarse la desestimación solicitada.*