Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| RODOLFO CRUZ CASTREJÓN<br><br>Demandante-Apelante<br><br>v.<br><br>TWIN INVESTMENTS, LLC; BLUE WATER REALTY; SUNNOVA ENERGY CORPORATION<br><br>Demandados-Apelados | KLAN202500225 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2022CV01488<br><br>Sobre: Incumplimiento de contrato; nulidad de contrato de adhesión |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2025.

Comparece ante este tribunal apelativo, el Sr. Rodolfo Cruz Castrejón (el señor Cruz Castrejón o el apelante) mediante el *Recurso de Apelación* de epígrafe y nos solicita que revoquemos las dos (2) *Sentencias Parciales* emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 10 y 11 de octubre de 2024, notificadas el 11 de octubre siguiente.

Por los fundamentos que se exponen a continuación, se desestima el recurso por falta de jurisdicción.[1]

### I.

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537

---

[1] Examinado el recurso y en atención a la determinación arribada resolvemos sin la comparecencia de la parte apelada. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5).

(1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* 128 DPR 513 537 (1991). Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1(2007); *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345 (2003).

Por otro lado, las Reglas de Procedimiento Civil, 32 LPRA Ap. V, y el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, disponen sobre el procedimiento de apelación de las sentencias emitidas por el tribunal de primera instancia.[2] Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado la obligación de las partes en el cumplimiento fiel de los requisitos jurisdiccionales y reglamentarios de los recursos que presentan ante el foro revisor.

---

[2] Véase, Regla 38.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 38.2, y Reglas 17 y 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 17 y R. 80.1.

*Hernández Maldonado v. Taco Maker*, 182 DPR 281, 290 (2011). Esta obligación incluye el pago de aranceles, y su incumplimiento "pudiera en su día privar de jurisdicción al Tribunal de Apelaciones." *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 182 (2012). El alto foro ha expresado que es nulo e ineficaz aquel escrito judicial que sea presentado sin los sellos de rentas internas que la ley ordena cancelar. *Íd*, pág. 176, que cita a *Gran Vista I, Inc. v. Gutiérrez Santiago*, 170 DPR 174, 189 (2007); *Meléndez v. Levitt & Sons of P.R., Inc.*, 106 DPR 437 (1977); *Maldonado v. Pichardo*, 104 DPR 778 (1976); *Piñas v. Corte Municipal*, 61 DPR 181 (1942); *Nazario v. Santos, Juez Municipal*, 27 DPR 89 (1919).

Asimismo, la más alta *Curia* ha añadido que, como norma general, el pago de los aranceles de presentación es un requisito *sine qua non* para el perfeccionamiento de los recursos apelativos. El cobro de estos aranceles permite sufragar los gastos inherentes a todo proceso judicial. *Gran Vista I v. Gutiérrez y otros*, supra. El pago y la cancelación de aranceles es de tal importancia que, el no adherir los sellos de rentas internas al recurso apelativo presentado, de ordinario, priva al foro apelativo de jurisdicción y conlleva la desestimación del mismo. *M-Care Compounding et al. v. Depto. Salud*, supra; *Meléndez v. Levitt & Sons of P.R., Inc.*, supra; *Maldonado v. Pichardo*, supra. Véase, además, la Sec. 5 de la Ley núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1481. De esta manera, se evita que los litigantes defrauden al erario. *Salas v. Baquero*, 47 DPR 108, 113-114 (1934).

De otra parte, la Regla 17 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 17, establece las normas aplicables a las apelaciones conjuntas o consolidadas ante este foro revisor. En lo pertinente, **la Regla 17 no permite a las partes acumular en un solo recurso las apelaciones de más de un dictamen**. Es decir, un apelante no puede acudir ante este foro para

solicitar la revisión de dos o más sentencias independientes en un mismo recurso de apelación, aun cuando las determinaciones hayan sido emitidas en un mismo caso por el tribunal apelado.

Sobre lo anterior, precisa advertir que, en *Silva Barreto v. Tejada Martell*, 199 DPR 311 (2017), el más alto foro judicial dictaminó que solo se permite acumular en un mismo recurso apelativo **varias determinaciones interlocutorias** del foro primario, emitidas en un mismo caso, condicionado a que el recurso se presente oportunamente en alzada. Es decir, una parte podrá juntar dos (2) o más **resoluciones u órdenes interlocutorias** en un recurso de *certiorari* siempre y cuando cumpla con el término reglamentario para ello, con respecto a todas las resoluciones u órdenes cuya revisión se solicite.

**II.**

Como indicamos, las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. Por lo que, debemos auscultar si tenemos autoridad para atender el recurso antes de entrar a considerar los méritos del mismo.

De una lectura minuciosa del recurso de apelación surge que el señor Cruz Castrejón nos solicita que revisemos dos (2) *Sentencias Parciales* emitidas por el TPI el 10 y 11 de octubre de 2024, notificadas en este último día.

Advertimos que, mediante la primera *Sentencia Parcial*, el foro *a quo* declaró *Ha Lugar* el petitorio desestimatorio presentado por Blue Waters Realty, LLC., al razonar que la causa de acción no justificaba la concesión de un remedio, en virtud de la Regla 10.2(5) de las Reglas de Procedimiento Civil, y *No Ha Lugar* a la oposición instada por el apelante. Asimismo, por medio de la segunda *Sentencia Parcial*, el foro primario decretó *Ha Lugar* a la moción de desestimación de la demanda en contra de Sunnova Energy

Corporation, al no poseer jurisdicción sobre la materia, conforme con la Regla 10.2(1) de las de Procedimiento Civil. A su vez, denegó la oposición incoada por el señor Cruz Castrejón.

Ambos dictámenes fueron objeto de solicitudes de reconsideración, declaradas *No ha Lugar* mediante las resoluciones emitidas el 22 de enero de 2025, notificadas al día siguiente.[3]

En la página núm. 3 de su escrito, el apelante nos invita a revisar estos últimos dos dictámenes, mas, es su pretensión que este foro apelativo examine las sentencias parciales antes mencionadas. Sobre este particular, en la **CONCLUSIÓN Y SÚPLICA** del *Recurso de Apelación*, el señor Cruz Castrejón expresa diáfanamente lo siguiente: "[...] **una revisión simple de las Sentencias Parciales cuyas revocaciones se solicitan...**"[4], demostrando su intención de que se revisen las sentencias parciales en cuestión.

Conforme con el derecho precedente, resulta forzoso apuntalar que el recurso no es susceptible de adjudicación. Las referidas sentencias parciales, aun cuando fueron dictadas dentro de un mismo caso, son independientes, pues disponen asuntos diferentes bajo fundamentos distintos. Por ello, el apelante debió presentar recursos separados, es decir, uno por cada dictamen, y cancelar los aranceles correspondientes para cada uno. Así entonces, una vez presentados correctamente, estos podían ser consolidados, acorde con lo dispuesto en la Regla 17 de nuestro Reglamento, *supra.*

Sin embargo, y como explicamos, el señor Cruz Castrejón solo presentó un recurso de apelación con señalamientos de error que cuestionan el raciocinio del TPI utilizado en cada uno de los

---

[3] Hacemos constar que el 24 de febrero de 2025, el foro apelado expidió *Notificación Enmendada* para las dos resoluciones, a los fines de incluir a uno de los representantes legales.
[4] Véase, *Recurso de Apelación*, a la pág. 22. Énfasis en el original.

dictámenes. Tampoco debemos obviar que este solo canceló el arancel de $102 correspondiente a una apelación.

De otro lado, resulta indispensable señalar que el apelante acudió ante este foro intermedio mediante representación legal, y no están presentes alguna de las excepciones reconocidas en nuestro ordenamiento para eximirse del pago del arancel y que no proceda la nulidad del documento. Al respecto, precisa reseñar que se ha reconocido que cuando el error en el pago de aranceles se debe a la parte o su abogado, no se reconoce excepción alguna, sino que estamos ante la situación que la ley regula: un documento que carece de los aranceles correspondientes que por tanto es nulo y carece de validez. *M-Care Compounding v. Dpto. de Salud*, supra, pág. 177.

Por tanto, y acorde con las particularidades específicas de este caso, forzosamente colegimos que carecemos de jurisdicción para considerar el recurso. Reiteramos que el error en el cumplimiento con el pago de aranceles de presentación se debe a la parte o a su abogado. Por lo que, no se reconoce excepción alguna al mandato antes consignado.

En fin, ante la falta de los aranceles de presentación, el recurso instado es uno nulo y carece de validez.

### III.

Por los fundamentos anteriormente expuestos, desestimamos el recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones