BEAUCHAMP, RECURRENTE, v. EL REGISTRADOR DE AGUADILLA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Aguadilla denegando la inscripción de una escritura de compraventa.

No. 398.—Resuelto en mayo 23, 1919.

PODER—LIMITACIÓN DE LAS FACULTADES DEL APODERADO—BIENES DE LA SOCIEDAD DE GANANCIALES.—De acuerdo con la jurisprudencia constante de este Tribunal Supremo un poder por el que se faculta al apoderado para ''comprar, vender, etc., cualquier clase de bienes de la poderdante,'' no confiere facultad al mismo para vender aquellos bienes que pertenezcan a la sociedad de gananciales de la poderdante con su esposo.

ID.—INSCRIPCIÓN—DEFECTO INSUBSANABLE.—Habiendo el apoderado en este caso verificado la enajenación sin tener autorización de su poderdante, según interpreta este tribunal el documento de mandato, tal defecto es insubsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Víctor P. Martínez.*

El registrador sustituto recurrido, Sr. Augusto Reichard, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Otorgado documento público por el cual Don Víctor P. Martínez por sí y como apoderado de su esposa vendió varias fincas y solicitada la inscripción de la reseñada bajo la letra C, que según el Registrador de la Propiedad substituto de Aguadilla fué la única cuya inscripción se solicitó, dicho funcionario negó la inscripción por entender que el apoderado está facultado solamente para vender los bienes inmuebles que pertenezcan privadamente a su poderdante pero que no lo está para enajenar los de la sociedad conyugal de que forma parte la poderdante.

En virtud del recurso gubernativo establecido por el comprador contra esa resolución hemos examinado el poder que

está en discusión en el que por la cláusula segunda se confieren a los apoderados las siguientes facultades: "Para que compren, vendan, permuten o hipotequen cualquiera clase de bienes de la señora compareciente, ya sean muebles, inmuebles, etc."

Ya este Tribunal Supremo ha resuelto antes de ahora que un poder otorgado en los términos en que lo fué el que está bajo nuestra consideración no confiere facultad al apoderado para enajenar o gravar los bienes de la sociedad de gananciales en que está interesado el poderdante. En el caso de *Vidal* v. *El Registrador de la Propiedad,* 12 D. P. R. 168, en el que el poder autorizaba para vender los bienes que pertenecieran o que en lo sucesivo pudiera adquirir la poderdante, se resolvió que el apoderado carecía de atribuciones para vender los bienes que correspondían a la sociedad de gananciales de la poderdante con su esposo por no constar que pertenecieran exclusivamente a la poderdante; y en el de *López Landrón* v. *El Registrador de la Propiedad,* 15 D. P. R. 722, en el que doña Ana María Gutiérrez Igaravídez facultó a su esposo para hipotecar cualesquiera bienes inmuebles de la otorgante, se declaró fundada la negativa del registrador a inscribir la hipoteca que el esposo constituyó en nombre de su consorte sobre bienes gananciales, diciendo entonces este tribunal lo siguiente:

"Es un principio fundamental de la ley civil que está perfectamente contenido en el artículo 1310 del Código Civil, que solamente al disolverse el matrimonio es cuando la esposa adquiere la completa posesión de los bienes que le pertenecen y que han sido adquiridos durante el matrimonio; y que durante el matrimonio los bienes adquiridos constante el mismo, estando administrados con arreglo a las disposiciones del Código Civil, son los conocidos con el nombre de gananciales que pertenecen a la sociedad conyugal y no a ninguno de sus miembros. Es también un principio fundamental establecido en el artículo 1615 del referido Código Civil, que para que un mandatario pueda legalmente hipotecar los bienes de su mandante debe recibir del mismo un poder expreso; y se dispone además, en el artículo 1328 anteriormente citado, que el consentimiento de la

esposa para gravar los bienes adquiridos durante el matrimonio debe también ser uno expreso y no tácito.

"Es una conclusión fundada en estos claros preceptos y principios fundamentales que el mandato otorgado por la Sra. Ana María Gutiérrez a su esposo, el apelante, no contiene la facultad expresa por la cual él como mandatario pudiera prestar su consentimiento a nombre de su esposa para hipotecar los bienes de la sociedad conyugal, que están gravados por dicha escritura de hipoteca; porque los términos en que está redactado el referido poder limitan la facultad del mandatario a los bienes que pertenecen al otorgante. Y con el fin de incluir dichos bienes en el referido poder, sería necesario o suponer que la sociedad conyugal ha sido disuelta, o admitir como cierto que dicho poder confiere de una manera tácita al mandatario la facultad de consentir en el gravamen; y tal facultad no ha sido conferida de un modo expreso según lo exige claramente el código.

"Por consiguiente, el apoderado carecía de la facultad necesaria para obligar a su mandante prestando su consentimiento en el otorgamiento de la hipoteca, y la misma no es obligatoria para la Sra. Gutiérrez o sus herederos, y no puede ser inscrita.

"En el recurso gubernativo de *Marxuach* v. *El Registrador de San Juan,* que fué resuelto por este tribunal en 27 de mayo último, el ponente Hon. Emilio del Toro, se expresa en los términos siguientes:

" 'El mandato, filosóficamente considerado, es una extensión de la personalidad. Lo esencial en el mandato es la representación ostentada, pues el mandatario no contrata por sí ni para sí, sino que contrata por y para el mandante.' La interpretación del mandato ha de ser siempre restrictiva, para evitar que se convierta en daño del mandante lo que éste autorizó para su utilidad y beneficio.' " (11 Manresa, C. al C. C., 413, 415 y 454.)

*López Landrón* v. *El Registrador de la Propiedad,* 15 D. P. R. 722.

Con respecto a si tal defecto es subsanable, como sostiene el recurrente, nos bastará decir que toda vez que el apoderado verificó la enajenación sin tener autorización de su poderdante, según la interpretación que damos al documento de mandato, tal defecto es insubsanable.

De acuerdo, pues, con la doctrina sentada en los casos ci-

tados, especialmente en el último, debe ser confirmada la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.