ALVAREZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegatoria de la inscripción de una escritura de compraventa.

No. 472.—Resuelto en febrero 4, 1921.

MANDATO EXPRESO—GANANCIALES—VENTA DE GANANCIALES—DEFECTO INSUBSANABLE.—No estando el apoderado del esposo autorizado para vender sus bienes gananciales, la intervención del apoderado de la esposa en la escritura de venta con suficiente poder en cuanto a ella, no puede suplir la falta de poder expreso necesario en el apoderado del marido.

ID.—ID.—El poder expreso para la venta de bienes gananciales es necesario lo mismo si se trata del marido que de la mujer.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. B. Forés.*

El registrador recurrido, Sr. P. Gómez Lasserre, no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En agosto de 1910 Juan Ortiz Perichi, como apoderado de Félix Perichi, y Domingo Perichi, cómo apoderado de Catalina Perichi, esposa de Félix, comparecieron ante notario y vendieron a Pedro Alvarez dos pequeñas fincas en la suma de mil pesos. Presentada la escritura en el registro, el registrador se negó a inscribirla porque examinado el poder otorgado a Juan Ortiz Perichi, sólo lo autorizaba a vender sus bienes y no los de la sociedad de gananciales que tenía constituída con su esposa y a la cual pertenecían las fincas enajenadas.

Estudiados los documentos que se sometieron al registrador dejan en verdad la impresión de la legalidad y eficacia de la transacción realizada, pero técnicamente tiene razón dicho funcionario. Para vender bienes de la sociedad de gananciales se necesita poder expreso. Véanse los casos de *Vidal v. Registrador,* 12 D. P. R. 168 y *Rodríguez v. Registrador,* 14 D. P. R. 779.

Impugna el apelante en su alegato la calificación de gananciales que el registrador dió a las fincas porque según él "dichas fincas las retiró don Félix Perichi y Perichi de una sociedad mercantil y agrícola denominada 'Perichi y Ortiz,' como parte del capital aportado a esa sociedad sin pagar precio alguno   *   *   *." Esos hechos constan de una escritura pública de 2 de mayo de 1901, según el apelante, pero como tal escritura sólo se menciona en los documentos sometidos a nuestra consideración sin que ni siquiera se inserte en ellos alguna parte de la misma que nos permita estudiarla, no tenemos base para resolver la cuestión suscitada.

Sostiene además el apelante en su alegato que es distinto el caso de la mujer al del marido, que en el caso de la mujer es necesario el poder expreso, pero no en el del marido.

En verdad no podemos aceptar tal teoría. Como dijimos en el caso de *Giménez* v. *Registrador,* 21 D. P. R. 329, 332, " * * * la tendencia y espíritu general de la ley al tratar del marido y de la mujer y de bienes gananciales se muestra firmemente en oposición a la idea de alguna distinción."

Y alega también el apelante que como en la escritura compareció el apoderado de la esposa y prestó su consentimiento, cualquier defecto que pudiera existir quedó subsanado. No estamos conformes. La intervención del apoderado de la mujer no puede suplir la falta de poder expreso necesario en el apoderado del marido.

Por virtud de todo lo expuesto, nos vemos obligados a confirmar la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.