## THE JUNCOS CENTRAL CO., RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de la inscripción de una escritura de compraventa.

No. 482.—Resuelto en febrero 11, 1921.

PODER—MANDATO—BIENES GANANCIALES—VENTA DE GANANCIALES.—Un poder en el que la esposa faculta al esposo ''para que venda * * * cualesquiera fincas rústicas o urbanas que posea en la actualidad o adquiera en lo sucesivo, por el precio que considere más ventajoso * * *,'' no autoriza al apoderado para vender bienes pertenecientes a la sociedad de gananciales existente entre el esposo y la esposa.

Los hechos están expresados en la opinión.
Abogado de la recurrente: *Sr. F. González.*
El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 9 de junio de 1920 compareció ante notario público Tomás Subirana y otorgó una escritura de venta de un condominio a favor de The Juncos Central Company actuando Subirana como apoderado de los dueños del condominio Julio Gay y su esposa Jeanne Pujos.

Presentado el documento en el registro, se negó su inscripción por no acompañarse ni insertarse en la escritura el poder conferido por la esposa. Se cumplió entonces con lo exigido por el registrador y este funcionario volvió a negar la inscripción porque el poder otorgado no era suficiente para la venta de bienes gananciales, condición que tenía el condominio enajenado.

El poder que ostentaba Subirana le fué otorgado por Julio Gay por sí y como apoderado de su esposa, y el poder que otorgó Jeanne Pujos a su esposo contiene la siguiente cláusula:

"Para que venda absolutamente o con pacto de retracto, cualesquiera fincas rústicas o urbanas que posea en la actualidad o adquiera en lo sucesivo, por el precio que considere más ventajoso.    *    *    *"

Está admitido que Gay tenía facultad para sustituir el poder que le confirió su esposa. La cuestión a considerar y a resolver consiste sólo en si la cláusula que dejamos transcrita es suficiente para vender bienes inmuebles de la sociedad de gananciales.

Dicha cuestión no es nueva. Recientemente en el caso de *Beauchamp* v. *El Registrador de Aguadilla,* 27 D. P. R. 385, esta corte reafirmó la doctrina que sigue:

"De acuerdo con la jurisprudencia constante de este Tribunal Supremo un poder en que se faculta al apoderado para 'comprar, vender, etc., cualquiera clase de bienes de la poderdante,' no confiere facultad al mismo para vender aquellos bienes que pertenezcan a la sociedad de gananciales de la poderdante con su esposo."

Véanse además los casos de *Alvarez* v. *Registrador de San Germán*, 29 D. P. R. 84; *López Landrón* v. *Registrador*, 15 D. P. R. 722; *Rodríguez* v. *Registrador*, 14 D. P. R. 779, y *Vidal* v. *Registrador*, 12 D. P. R. 168.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.