AURELIO RAMÍREZ, JR., recurrente, *v.* EL REGISTRADOR DE HUMACAO, recurrido.

No. 611.—*Sometido:* Marzo 24, 1925. *Resuelto:* Abril 7, 1925.

1. INSCRIPCIÓN DE TÍTULOS—BIENES GANANCIALES—SUFICIENCIA DEL PODER PARA ENAJENAR.—Un poder otorgado por un marido y mujer a un tercero, para que venda todos los bienes inmuebles que ellos tengan o puedan adquirir en el futuro por cualquier título o concepto, no autoriza al apoderado para vender o enajenar bienes de la sociedad legal de gananciales ya que tal autorización debe ser expresa.

NOTA de *López del Valle,* R. (Humacao), denegando inscripción de la mitad de un solar. *Confirmada.*

*González Fagundo & González, Jr.,* abogados del recurrente; el Registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

[1] Los esposos Juan Manuel Bertrán y Pilar Margarida vendieron al recurrente mediante poder otorgado a Wifredo Bertrán, un condominio de la mitad de cierta finca urbana, y presentada al registro la escritura de compraventa, el registrador negó su inscripción "porque teniendo dicho condominio el carácter de bienes pertenecientes a la sociedad conyugal existente entre ellos, no contiene el poder que se acompaña a las facultades expresas que requiere el Código Civil vigente para enajenar bienes de dicha sociedad ＊　＊　＊."

El recurrente sostiene, sin embargo, que el poder contiene cláusula bastante para la enajenación de bienes de la sociedad conyugal porque por la cláusula primera se confiere facultades al mandatario para que venda todos los bienes semovientes e inmuebles que tengan los poderdantes o puedan adquirir en lo sucesivo por cualquier título o concepto. De estos mismos términos de que parte el recurrente se desprende que el poder no otorga una autorización expresa sino que tenemos que acudir a presunciones y por implicación llegar tal vez a la conclusión que intenta deducir el recurrente alegando que las palabras "por cualquier título o concepto" tienen que referirse necesariamente tanto a bienes privativos como a gananciales. Sin embargo, siendo el precepto del artículo 159 del Código Civil vigente prohibitivo, declarando nula toda enajenación de bienes gananciales sin el consentimiento expreso de ambos cónyuges, su interpretación debe ser restrictiva y no debemos sentar conclusiones mediante razonamientos más o menos lógicos, pero que en definitiva tendrían el efecto de establecer un consentimiento tácito que fué lo que no quiso el legislador a que se diera margen, seguramente para garantizar mejor a la

mujer en el matrimonio, ya que el marido es el que administra dichos bienes y contrae deudas a cargo de los mismos.

Tampoco nada significa que el poder en este caso esté otorgado por ambos cónyuges a tercera persona para distinguirlo el recurrente de otros casos en los que aparece el poder conferido por la mujer a su esposo. No encontramos el motivo para tal distinción y el caso es análogo si no idéntico al de *Juncos Central* v. *El Registrador*, 29 D.P.R. 89, en que el mandato se refería a cualesquiera bienes que la mujer poseyera o adquiriera en lo sucesivo, sin hacerse expresa mención de los bienes gananciales, y sin embargo no se consideró bastante el poder. En dicho caso se dijo por esta Corte Suprema lo siguiente:

"Dicha cuestión no es nueva. Recientemente en el caso de *Beauchamp* v. *El Registrador de Aguadilla,* 27 D.P.R. 385, esta corte reafirmó la doctrina que sigue:

" 'De acuerdo con la jurisprudencia constante de este Tribunal Supremo un poder en que se faculta al apoderado para "comprar, vender, etc., cualquiera clase de bienes de la poderdante," no confiere facultad al mismo para vender aquellos bienes que pertenezcan a la sociedad de gananciales de la poderdante con su esposo.'

"Véase además los casos de *Alvarez* v. *Registrador de San Germán,* 29 D.P.R. 84; *López Landrón* v. *Registrador,* 15 D.P.R. 722; *Rodríguez* v. *Registrador,* 14 D.P.R. 779, y *Vidal* v. *Registrador,* 12 D.P.R. 168."

*La nota del registrador debe ser confirmada.*