LUIS ITURRINO LÓPEZ, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, demandada.

Núm. 1090.—*Sometido:* Diciembre 21, 1936. *Resuelto:* Febrero 17, 1937.

*Enrique Báez García,* abogado del peticionario; el juez recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Luis Iturrino López alegó ser inocente al leérsele la acusación por ataque con intención de cometer homicidio, y se le designó un letrado para que le defendiera. El caso fué señalado para juicio y el juez de distrito, a moción del fiscal, designó tres peritos con el fin de que examinaran al acusado

sobre su estado mental. Uno de estos peritos se enfermó y se nombró un sustituto. Un asiento hecho en las minutas expresa que esta orden designando el sustituto fué dictada a petición conjunta del letrado del acusado y del fiscal. Luego de haberse ordenado la reclusión del acusado en un asilo, su abogado solicitó se corrigiera este asiento, basado en que la constancia de que él se había unido a la moción para que se designara un perito médico sustituto era contraria a la realidad. El juez de distrito dictó entonces la siguiente orden:

"La Corte en este caso ordena que por la Secretaría no se radique la moción 'Corrección de las Minutas' presentada por el acusado por no haberse fijado en la misma el sello de impuesto forense de un dólar, siendo ésta la primera comparecencia por escrito del acusado, y no ser este acusado insolvente."

■ ■ El artículo 11 de la "Ley para determinar la organización del Colegio de Abogados de Puerto Rico, especificar sus funciones y deberes, y para otros fines," aprobada el 14 de mayo de 1932 (Leyes de ese año (núm. 43), página 523), lee así:

"Artículo 11.—Será deber de todo abogado adherir al primer escrito que presentare en cualquier acción o procedimiento judicial un sello que el Colegio adoptará y expedirá por valor de un (1) dólar."

Éste es un deber impuesto al abogado como miembro del colegio. No se fija penalidad alguna por dejar de cumplir este deber, a no ser por los términos del artículo anterior, que lee:

"Artículo 10.—Cualquier miembro que no pague su cuota y que en los demás respectos esté clasificado como miembro del Colegio quedará suspendido como tal miembro, pero podrá rehabilitarse mediante el pago de lo que adeude por aquel concepto."

El cumplimiento de este deber no se hizo condición precedente a la radicación del documento. La acción o procedimiento judicial a que se hace referencia en el artículo 11, son, a nuestro juicio, aquéllos en que el abogado comparece voluntariamente en representación de un cliente por quien ha

sido contratado. Un caso criminal en que el abogado ha sido designado por la corte y colocado así en una posición tal que no puede negarse a actuar como defensor de un acusado, no es una acción o procedimiento de tal índole. Nos sentimos renuentes a creer que fuera la intención de la Legislatura privar al acusado en una causa criminal de los beneficios provenientes del nombramiento de un letrado hecho por la corte, en caso de que el abogado deje de adherirle o se niegue a adherirle el sello requerido por el artículo 11 de al ley de 1932.

En vista de la conclusión anterior, no es necesario que consideremos otros aspectos interesantes del caso.

*La orden objeto del recurso debe ser revocada.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.