LUIS COLL WATLINGTON, demandante y apelante, *v.* DIEGO BIASCOECHEA, demandado y apelado.

Núm. 7776.—*Sometido:* Noviembre 23, 1938. *Resuelto:* Diciembre 1, 1938.

*Susoni & Susoni,* abogados del apelante; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Al resolver un memorándum de costas la corte de distrito se negó a conceder una partida en que se especificaba la suma pagada al taquígrafo por preparar la transcripción de la evidencia para ser usada en apelación. Se señala como error esta resolución.

█ La sección 5 de la "Ley creando las plazas de taquígrafos-reporters de los tribunales de distrito," aprobada el 10 de marzo de 1904 (Estatutos Revisados de 1911, sección 1281) provee:

"Será deber del taquígrafo, al ser requerido por el Attorney General, el fiscal de distrito, o por cualquier persona parte en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (records), o de cualquier parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorarios por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse como costas de la causa a la parte vencida en juicio; . . ."

De conformidad con los términos del artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado en 1936 (Leyes de ese año, pág. 353) el memorándum de costas presentado después de sentencia en la corte de distrito comprenderá los siguientes desembolsos:

"(4) Lo pagado al taquígrafo de la corte para transcripción de cualquiera prueba testifical o procedimiento habidos en corte abierta, si dicha transcripción es ordenada por la corte."

Con anterioridad a la enmienda de 1936 este tribunal había resuelto que los honorarios del taquígrafo por la preparación de la transcripción de la evidencia para ser usada en apelación no formaban parte de las costas en la corte de distrito y no podían ser incluídos en un memorándum de costas. *Polanco* v. *Goffinet, et al.*, 30 D.P.R. 878. Este caso fué distinguido pero no revocado, ni tampoco modificada la doctrina del mismo, en el de *Cortés & Segura Inc.* v. *Cortés*, 43 D.P.R. 473. No hallamos en el inciso 4° del artículo 327, según fué enmendado en 1936 (Ley núm. 69, pág. 353), ni según fué nuevamente enmendado en 1937 (Leyes de ese año —núm. 94—pág. 239) ninguna razón satisfactoria para resolver que cuando una corte de distrito ordena se prepare una transcripción de evidencia para ser usada en un recurso de apelación, los honorarios del taquígrafo por preparar tal

transcripción deban ser incluídos en el memorándum de costas radicado en la corte de distrito.

El artículo 339 del Código de Enjuiciamiento Civil, tal cual fué enmendado en 1917, proveía la radicación de un memorándum de costas dentro de los diez días siguientes al en que se recibiera en la corte de distrito aviso oficial de la resolución dictada. (Véase Código de Enjuiciamiento Civil, ed. de 1933.) Por la misma ley que enmendó el artículo 327 en 1936, se enmendó nuevamente el artículo 339 para que leyera así:

"El memorándum de costas debe ser presentado dentro de los diez (10) días después de notificada la sentencia, y cualquier oposición del mismo dentro de los cinco (5) días subsiguientes. Dentro de los diez (10) días después de la resolución de la corte sobre el memorándum de costas cualquiera de las partes puede apelar para ante el Tribunal Supremo y la apelación será tramitada conjuntamente con cualquiera apelación que haya sido establecida contra la sentencia principal; *Disponiéndose,* que en caso en que no se haya establecido apelación de la sentencia principal, podrá siempre apelarse del memorándum de costas."

De ordinario la resolución dictada por un juez de distrito ordenando se prepare la transcripción de evidencia para ser usada en apelación difícilmente puede ser incluída en el memorándum de costas. La inclusión de la misma en el presente caso fué posible tan sólo porque este tribunal al resolver la apelación interpuesta contra una sentencia de la corte de distrito revocó dicha sentencia y en su lugar dictó la que debió ser dictada por la corte de distrito en primera instancia, incluyendo las costas en la corte inferior.

Nuestra conclusión es que una orden para que se prepare la transcripción de la evidencia, dictada después de radicarse un escrito de apelación, para ser usada en el recurso interpuesto, no es la orden a que alude el inciso 4º del artículo 327 supra.

Otra contención es que la corte de distrito cometió error al eliminar del memorándum una partida de $250 por concepto de honorarios de abogado. Esta contención carece

igualmente de méritos. *McCormick* v. *González Martínez,* 52 D.P.R. 912. El caso de *Mejías* v. *Jaime, Auditor Municipal,* 52 D.P.R. 534, no es aplicable.

*Las resoluciones apeladas deben ser confirmadas.*

El Juez Presidente Señor Del Toro, no intervino.