AMÉRICO COLÓN, demandante y apelante, *v.* CENTRAL CAMBALACHE, demandada y apelada.

Núm. 9136.—*Sometido:* Abril 23, 1945. *Resuelto:* Junio 22, 1945.

<hr>

sin lugar querella sobre reclamación de salarios.  *Sin lugar.*

*Efraín Ramírez Ramírez,* abogado del apelante; *Eduardo Pérez Casalduc,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este recurso se presentó contra la sentencia que desestimó una querella sobre reclamación de salarios.  Oportunamente fué solicitada y obtenida una orden para que el taquígrafo preparase la transcripción de evidencia.  Después de haberse concedido varias prórrogas para radicarla, el 14 de febrero de 1945 el juez dictó la siguiente resolución:

"Si el taquígrafo ha recibido importe de sus honorarios, debe radicar transcripción en el término improrrogable de 20 días."

Posteriormente el apelante solicitó una nueva prórroga, y a la vez permiso para proseguir el recurso *in forma pauperis.*  La corte el 15 de marzo de 1945 concedió una prórroga de veinte días, y en cuanto al permiso para litigar in forma pauperis dispuso que se jurase la petición y se notificara al taquígrafo por si deseaba oponerse.  Pocos días después la demandada presentó en este Tribunal una moción solicitando que el recurso sea desestimado por falta de diligencia.

El apelante sostiene que este pleito ha sido proseguido siguiendo el procedimiento establecido por la Ley núm. 10 de 14 de noviembre de 1917 (vol. II, pág. 217), cuya sección 14 expresamente dispone que "Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio," y que por esa razón no viene obligado a pagar honorarios al taquígrafo por la preparación de la transcripción de evidencia.

La contención del apelante requiere que resolvamos si los honorarios del taquígrafo por la preparación de la transcripción de evidencia están incluídos en el concepto de cos-

tas, según las describe el art. 327 del Código de Enjuiciamiento Civil, enmendado por la Ley núm. 94 de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239).

Prescribe el citado artículo:

"La parte a cuyo favor se dicte cualquier sentencia o resolución final le serán concedidas las costas, las cuales comprenderán los siguientes desembolsos:

"(1) Cualquier cantidad pagada al secretario de la corte o a cualquier márshal de distrito;

"(2) Lo desembolsado por copias auténticas de escrituras y certificaciones del registro de la propiedad o de cualesquiera otros récords oficiales, que hayan sido admitidos en evidencia;

"(3) Dos (2) dólares por cada testigo y por cada día de asistencia a la corte, más millaje para ida y vuelta a su residencia;

"(4) Lo pagado al taquígrafo de la corte para transcripción de cualquiera prueba testifical o procedimiento habidos en corte abierta, si dicha transcripción es ordenada por la corte;

"(5) Cinco (5) dólares como honorarios de notario y justo valor del trabajo taquigráfico en la toma de cualquier deposición que fuera admitida en evidencia; y

"(6) Cualquier otro desembolso necesariamente hecho con relación a la tramitación del caso, que la corte crea propio, y que estuviere sujeto a arancel.

"        *        *        *        *        *        *    .    *

"El Tribunal Supremo, en caso de temeridad, impondrá las costas a la parte contra quien se dicte sentencia o resolución, en adición a las costas ante la corte de distrito, las cuales comprenderán los siguientes desembolsos:

"(1) Sello de cinco (5) dólares para apelación;

"(2) Si el tribunal entiende que la apelación ha sido frívola o la parte ha sido temeraria, se le impondrá además de los desembolsos, la cantidad que el tribunal crea razonable en concepto de honorarios del abogado de la parte a cuyo favor se dicte sentencia.

"A discreción del tribunal, en casos en que esté envuelto el interés público, en todo procedimiento extraordinario se impondrán las costas en igual forma y manera como en procedimientos de apelación."

Ninguno de los seis apartados que contiene el art. 327 arriba transcrito, expresamente dispone que lo pagado al taquígrafo por preparar la transcripción de evidencia está in-

cluído en las costas que deberán imponer las cortes de distrito a la parte contra quien se haya dictado la sentencia. Es verdad que el apartado 4 a primera vista parece incluir en el concepto de costas lo pagado por la transcripción de evidencia, pero a poco que se examine ese apartado se verá que se refiere exclusivamente a la "transcripción de cualquiera prueba testifical o procedimiento habidos en corte abierta," y no a la transcripción de prueba documental, que por lo general se presenta en todos los casos. La frase "transcripción de evidencia" tiene un significado perfectamente definido en nuestra legislación desde el año 1917, en que por primera vez se autorizó ese procedimiento para elevar la prueba a la Corte Suprema, y teniendo ese significado en la ley, fácil le hubiera sido al legislador en el año 1937 usar la frase "transcripción de evidencia" si su intención hubiera sido incluirla como costas bajo el apartado 4.

El apartado 6 también se refiere en términos generales a cualquier otro desembolso necesariamente hecho en relación con la tramitación del caso, pero tampoco expresó que los honorarios por la transcripción de evidencia estuviesen comprendidos dentro del significado de la frase "Cualquier otro desembolso necesariamente hecho con relación a la tramitación del caso." Pero es que del contexto de toda la Ley surge que no fué la intención del legislador incluir la transcripción de evidencia como parte de las costas, pues si ésa hubiera sido su intención, al autorizar al Tribunal Supremo para imponer costas, el artículo 327 no hubiese incluído como únicas costas, además de honorarios de abogados, el sello de $5 para la apelación, en adición a las costas ante la corte de distrito.

El sello de $5 para la apelación es un desembolso que tiene lugar después de dictada la sentencia en la corte de distrito, lo mismo que el desembolso de los honorarios por la transcripción de evidencia. Al autorizar la Ley al Tribunal Supremo a imponer como únicas costas, *en adición a*

*las costas ante la corte de distrito,* lo pagado por el sello de Rentas Internas para el escrito de apelación, claramente está demostrando la intención legislativa de que los demás desembolsos hechos después de dictada la sentencia—los que podríamos llamar costas de la apelación—no estén incluídos como parte de las costas de la corte de distrito, pues de otro modo. el sello de $5 para el escrito de apelación habría que pagarlo dos veces: una como costa de la corte de distrito, y otra como costa de la Corte Suprema en caso de que la impusiera. Al excluir el pago de los honorarios de la transcripción de evidencia, de las costas que podía imponer el Tribunal Supremo, manifestó el legislador su intención de que estos desembolsos no se cobraran como costas, pues ni podía la corte de distrito autorizar su cobro por ser costas devengadas para la apelación, ni tampoco la Corte Suprema por haberla limitado el citado artículo a imponer como únicas costas los $5 del sello del escrito de apelación y, en caso de frivolidad del recurso o de temeridad del apelante, la imposición de honorarios de abogado.

No constituyendo los honorarios del taquígrafo costas de conformidad con el art. 327 del Código de Enjuiciamiento Civil, *Coll* v. *Biascoechea,* 53 D.P.R. 912 (1938), la Ley núm. 10 de 1917 no exime a las partes del pago de sus derechos al taquígrafo por la preparación de la transcripción de evidencia.

▮ Pero apareciendo de los autos que al radicarse la moción de desestimación la corte de distrito estaba considerando una moción del apelante solicitando permiso para litigar in forma pauperis, y no constando la resolución que haya recaído sobre ese particular, si alguna ha recaído, *procede declarar sin lugar la moción de desestimación, sin perjuicio de que sea reproducida si, habiéndose denegado la petición para litigar in forma pauperis, el apelante no hubiere satisfecho los honorarios del taquígrafo o no se hubiere radicado la transcripción de evidencia.*