Luis E. DE Soto, demandante y apelado, *v.* Clínica Industrial, Inc., demandada y apelante.

Núm. 10100.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Enero 31, 1950.

*Víctor Gutiérrez Franqui* y *Luis F. Sánchez Vilella,* abogados de la apelante; *Guillermo Bauzá,* abogado del apelado; *Benicio Sánchez Castaño,* como Presidente y abogado del Colegio de Abogados de Puerto Rico, interventor éste.

Opinión emitida por el Juez Asociado Señor Todd, Jr., en la cual Concurre el Juez Asociado Señor Snyder.

El artículo 11 de la Ley núm. 43 de 14 de mayo de 1932 (Leyes de 1931–32, pág. 523) constituyendo y organizando el Colegio de Abogados de Puerto Rico, según quedó enmendado por la Ley núm. 60 de 28 de abril de 1939 ((1) pág. 437), dispone lo siguiente:

"Artículo 11.—Será deber de todo abogado adherir al primer escrito que presente en cualquier acción o procedimiento judicial un sello que el Colegio adoptará y expedirá por valor de un (1) dólar *y hasta tanto se hubiere adherido dicho sello no podrá radicar ese escrito.*"

En el presente caso el apelado solicita desestimemos la apelación interpuesta por la apelante para ante este Tribunal

por el hecho de que los nuevos abogados de la demandada, al radicar en la corte inferior el escrito de apelación, que es el primer escrito que presentaron en esta acción, no adhirieron al mismo el sello forense de un dólar adoptado por el Colegio de Abogados. Sostiene el apelado que, sin dicho sello, el escrito de apelación es nulo y por tanto carecemos de jurisdicción para conocer del recurso.

La apelante se ha opuesto a la desestimación solicitada alegando: (1) que tratándose de una acción de reclamación de salarios, la sección 14 de la Ley núm. 10 de 14 de noviembre de 1917 ((2) pág. 217), según enmendada por la Ley núm. 17 de 11 de abril de 1945 (pág. 45), provee que "Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio", y (2) que, en todo caso, la obligación impuesta a los abogados por el artículo 11, supra, de adherir el sello forense al primer escrito que presenten en una acción, constituye un deber personal impuesto al abogado y su incumplimiento no afecta los derechos de la parte que el abogado representa en la acción.

Por entender que era conveniente oír al Colegio de Abogados antes de resolver la moción del apelado, ordenamos se le notificara con copia de todas las alegaciones y prueba adicional radicada por las partes y le concedimos la oportunidad de intervenir radicando un escrito conteniendo sus puntos de vista sobre la cuestión aquí envuelta. Así lo ha hecho el Colegio de Abogados, por su Presidente, y sostiene (1) que la sección 14 de la ley sobre reclamación de salarios, supra, que exime del pago de costas en dichos pleitos, sólo es aplicable al obrero, el cual "ni aun tendría que cancelar el sello forense al comparecer representado por abogado" pero que no releva al patrono "del pago de las correspondientes costas" incluyendo en ellas el sello forense; (2) que el sello forense, al igual que los sellos de rentas internas, cuya cancelación requiere la ley general que regula el cobro de derechos y costas en casos civiles, Ley núm. 17 de 11 de marzo de 1915 (pág. 45), forma parte de las costas, y (3) que el incumplimiento del

854

deber personal impuesto al abogado por el artículo 11, supra, afecta a su cliente.

■ No podemos aceptar el primer argumento del Colegio de Abogados. La sección 14 de la Ley núm. 10 de 1917, según enmendada por la Ley núm. 17 de 1945, en su primer párrafo, tanto en el texto original como en el enmendado, al proveer que "Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio", no hace distinción alguna entre el obrero y el patrono. Ambos están exentos del pago de costas. Cuando la Asamblea Legislativa quiso imponer un deber adicional al patrono lo hizo expresamente por la enmienda a dicha sección 14 en el año 1945, al disponer en un segundo párrafo que "En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, se condenará al querellado al pago de honorarios de abogado". La exención en cuanto al pago de costas fué absoluta, no así la condena sobre pago de honorarios de abogado.

■■ Los demás argumentos del Colegio de Abogados coinciden con los del apelado y los discutiremos a continuación.

De los autos aparece que la demandada estuvo representada en la corte inferior por otros abogados hasta el momento en que se dictó sentencia a favor del demandante y la misma les fué notificada. Sin que aparezca de los autos que dichos abogados renunciaran la representación de la demandada o que ésta les retiró su representación, el hecho es que el escrito de apelación aparece suscrito únicamente por abogados distintos y que dicho escrito fué radicado por la secretaria de la corte inferior, sin que en el mismo se hubiera adherido el sello forense, a pesar de ser el primer escrito presentado por dichos letrados.(¹)

---

(¹) Después de haberse radicado los autos originales en este Tribunal y la moción de desestimación, los abogados de la apelante enviaron a la secretaria de la corte inferior un sello forense solicitando que lo remitiera al secretario de este Tribunal, lo que ella hizo, con la peticion de que el mismo fuera adherido al escrito de apelación, y cancelado. Dicho sello está en poder del secretario.

Originalmente, y antes de ser enmendado por la Ley núm. 60 de 1939, el artículo 11 de la Ley núm. 43 de 1932, leía así:

"Artículo 11.—Será deber de todo abogado adherir al primer escrito que presentare en cualquier acción o procedimiento judicial un sello que el Colegio adoptará y expedirá por valor de un (1) dólar."

Interpretando dicho artículo 11 en su forma original resolvimos en el año 1937, en el caso de *Iturrino* v. *Corte,* 50 D.P.R. 944, que el deber de adherir el sello forense era uno impuesto al abogado como miembro del Colegio pero que dicho artículo no fijaba penalidad alguna por dejar de cumplir dicho deber y que, a la pág. 945: "El cumplimiento de este deber no se hizo condición precedente a la radicación del documento."

Dos años después, la Legislatura enmendó el artículo 11 agregándole la frase "y hasta tanto se hubiere adherido dicho sello no podrá radicar ese escrito". Es obvio que, a pesar del lenguaje confuso usado que da la impresión de que es el abogado quien no podrá radicar, lo que realmente dice la enmienda es que el secretario no radicará dicho escrito, ya que la función de radicar documentos en una corte corresponde a dicho funcionario y no al abogado. Como dice el propio artículo 11, el deber que se impone al abogado es el de adherir el sello forense al primer escrito que "presente" en cualquier acción o procedimiento judicial. El efecto de la enmienda fué precisamente hacer el cumplimiento de ese deber impuesto al abogado de adherir el sello forense al primer escrito que presenta "una condición precedente a la radicación del documento" por el secretario, condición procedente que antes no exigía la ley.

Ahora bien, ¿está comprendido el sello forense del Colegio de Abogados dentro del concepto de "costas" y de las cuales están exentas las partes en estos casos sobre reclamación de salarios, de acuerdo con la sección 14 de la Ley núm. 10 según enmendada, supra?

El propio apelado sostiene que "queda incluído como tal [costas] el sello forense" de acuerdo con lo resuelto en el caso de *Veve* v. *El Municipio de Fajardo,* 18 D.P.R. 764, 770, al efecto de que: "Bajo el concepto de costas vienen comprendidos los derechos y las indemnizaciones que consistan en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos o aranceles. . ." Arguye el apelado que el derecho de apelación es uno estatutario y que si no se cumple con los requisitos exigidos por la ley para establecerlo, este Tribunal carece de jurisdicción para conocer del recurso. Cita nuestra jurisprudencia interpretando la Ley núm. 17 de 11 de marzo de 1915 que regula el cobro de derechos y costas en casos civiles en las cortes de distrito y municipales, y especialmente el caso de *Vázquez* v. *Rivera,* 69 D.P.R. 947, 949, en el que dijimos que: ". . . para que este Tribunal adquiera jurisdicción de la apelación interpuesta por una parte, es indispensable que ésta haya cumplido estrictamente con las disposiciones generales de las leyes que reglamentan las apelaciones. La cancelación del sello de rentas internas de $2 es uno de los requisitos exigidos por la ley y su incumplimiento convierte el escrito de apelación en nulo y priva a esta Corte de jurisdicción. *Piñas* v. *Corte Municipal,* 61 D.P.R. 181; *Figueroa* v. *Santiago Fabricio,* 38 D.P.R. 519; *Delgado* v. *Cárdenas,* 34 D.P.R. 240; *Paz* v. *Bonet,* 30 D.P.R. 919 y *Nazario* v. *Santos, Juez Municipal,* 29 D.P.R. 89. . . ."

Desde luego que la apelante acepta esta argumentación del apelado y a su vez arguye: (1) que si el sello forense forma parte de las costas, la sección 14, supra, lo exime de su pago y (2) que, en todo caso, no proveyendo el artículo 11, supra, como lo hace la sección 6 de la Ley núm. 17 de 1915 que "Todos y cada uno de los documentos o escritos que por esta Ley se requiere lleven un sello o sellos de rentas internas serán nulos y sin valor. . . a menos que dichos sellos hayan sido fijados a los mismos" y sí meramente que no se radicará si no se ha adherido el sello forense, no fué la intención legis-

lativa privar a una parte, por el hecho de que su abogado no cumpla con un deber personal, de su derecho de apelación en un caso sobre reclamación de salarios en el cual las partes no tienen que pagar costas de clase alguna.

No estamos obligados a aceptar y resolver, por el hecho de que las partes están de acuerdo sobre el particular, que el sello forense del Colegio de Abogados autorizado por la Ley núm. 43 de 1932, supra, forma parte de las costas de una acción o procedimiento judicial.

El artículo 327 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 94 aprobada el 11 de mayo de 1937 (Leyes de Puerto Rico, 1936–37, pág. 239), es el que especifica cuáles desembolsos están comprendidos en las costas que se concederán a la parte a cuyo favor se dicte cualquier sentencia o resolución, enumerándolos en esta forma:

"(1) Cualquier cantidad pagada al secretario de la corte o a cualquier márshal de distrito;

"(2) Lo desembolsado por copias auténticas de escrituras y certificaciones del registro de la propiedad o de *cualesquiera* otros records oficiales, que hayan sido admitidos en evidencia;

"(3) Dos (2) dólares por cada testigo y por cada día de asistencia a la corte, más millaje para ida y vuelta a su residencia;

"(4) Lo pagado al taquígrafo de la corte para transcripción de cualquiera prueba testifical o procedimiento habidos en corte abierta, si dicha transcripción es ordenada por la corte;

"(5) Cinco (5) dólares como honorarios de notario y justo valor del trabajo taquigráfico en la toma de cualquier deposición que fuera admitida en evidencia; y

"(6) Cualquier otro desembolso necesariamente hecho con relación a la tramitación del caso, que la corte crea propio, y que estuviere sujeto a arancel."

Los únicos apartados que posiblemente podrían cubrir el sello forense son el (1) y el (6). El (1), sin embargo, se refiere indiscutiblemente a los derechos establecidos por la Ley núm. 17 de 11 de marzo de 1915, regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales, supra, que en su sección 1 dispone, en parte,

que: "Todas las cantidades que ingresen en las oficinas de las cortes de distrito y municipales de Puerto Rico, por concepto de derechos en causas civiles, se pagarán en sellos de rentas internas que los secretarios y marshals adherirán, bajo su responsabilidad al margen o al pie de los documentos registrados. . . ." En la sección 2 de la misma Ley se especifica el arancel de los derechos que se han de pagar en sellos de rentas internas. Constituyen estos derechos las cantidades pagadas al secretario o al márshal de la corte a que se refiere el inciso (1) del artículo 327, supra.

En cuanto al inciso (6), éste se refiere a cualquier otro "desembolso necesariamente hecho con relación a la tramitación del caso, que la corte crea propio, y que estuviere sujeto a arancel." Si bien la cuantía del sello forense, un dólar, está fijada por ley, no tiene el concepto de desembolso hecho por un litigante, pues su pago es un deber personal impuesto al abogado, y tampoco está sujeto a que la corte lo crea propio pues la ley exige su cancelación como condición precedente a la radicación del primer escrito presentado por el abogado. Ya hemos resuelto que sólo tienen el concepto de costas los gastos o desembolsos claramente comprendidos en los distintos incisos del artículo 327. *Colón* v. *Central Cambalache,* 65 D.P.R. 156; *Costas* v. *G. Llinás & Co.,* 66 D.P.R. 730, 753.

No empece que en algunos casos sobre aprobación de memoranda de costas, tramitados ante este Tribunal en apelación, se haya incluído el sello forense como parte de las costas, si por inadvertencia de los abogados no se impugnó dicha partida y la cuestión no fué planteada ni resuelta por esta Corte, dichos casos no pueden servir de precedentes para sostener, como arguye la apelante, que hemos considerado que el sello forense forma parte de las costas. Es en el presente caso que por primera vez se plantea la cuestión y creo debe resolverse en el sentido de contestar la pregunta que hicimos anteriormente en la negativa, es decir, que dicho sello forense no forma parte de las costas.

■■ Ahora bien, no obstante el resultado a que he llegado en cuanto a que el sello forense no forma parte de las costas propiamente dichas, debe tenerse en cuenta en un caso de esta naturaleza o sea, sobre reclamación de salarios, que nuestra Asamblea Legislativa al disponer que el derecho de los obreros a reclamar sus salarios adeudados y el derecho correlativo de los patronos de defenderse en dichos casos, no estarían sujetos al pago de costas, claramente expresó su intención de que en esta clase de acciones El Pueblo de Puerto Rico no estaba interesado en percibir para el erario público dinero alguno por dicho concepto. El importe del sello forense, desde luego, ingresa en los fondos del Colegio de Abogados. No creo que fuera la intención del legislador al enmendar el artículo 11, supra, derrotar el derecho reconocido a las partes de litigar estos casos sin el pago de costas, por el hecho de que un abogado no haya cumplido con el deber personal de adherir a su primer escrito el sello forense. Especialmente es esto así cuando no se dispuso que la no cancelación del sello forense hará nulo el escrito radicado como se hizo en cuanto a los sellos de rentas internas por la sección 6, supra. Por lo menos en el presente caso y sin que se considere que se establece precedente alguno, debería resolverse que el escrito de apelación radicado por los abogados puede considerarse como radicado por la parte demandada apelante. No puede haber duda alguna de que una parte afectada por la sentencia puede radicar, por sí sola, el escrito de apelación, sin cancelar el sello forense. En el caso de autos se trata de una apelación establecida por el patrono, pero si, a la inversa, es decir, el apelante fuera el obrero, ¿debería derrotarse su derecho a apelar por el hecho de que su abogado, por olvido o negligencia, dejara de cancelar el sello forense? Creo que no. En igual forma considero que no debe derrotarse el derecho del patrono, ya que sus abogados han cumplido sustancialmente con el deber personal impuéstoles por la ley, al enviar el sello forense.

*Creo debe declararse sin lugar la moción y autorizarse al secretario a adherir y cancelar el sello forense en el escrito de apelación.*

OPINIÓN DEL JUEZ PRESIDENTE SEÑOR DE JESÚS EN LA CUAL CONCURRE EL JUEZ ASOCIADO SEÑOR MARRERO.

Estoy conforme con la opinión emitida por el Juez Asociado Sr. Todd, Jr. hasta e incluyendo el párrafo que empieza:

"No empece que en algunos casos sobre aprobación de memoranda de costas, tramitados ante este Tribunal en apelación, se haya incluído el sello forense como parte de las costas, . . ."

■ Pero no puedo aceptar que a pesar de que la fijación del sello forense es una obligación impuesta al abogado y que no forma parte de las costas, fuese la intención de la Legislatura eximir al abogado de la obligación de adherirlo en los casos de reclamación de salarios, por el mero hecho de que tales casos no devenguen costas. Si como expresa la opinión, el sello forense no forma parte de las costas, es un *non sequitur* sostener que la exención del pago de costas en tales casos exime al abogado de adherir el sello forense. Si la intención de la Legislatura hubiera sido eximir a los abogados de esa obligación en casos de esta naturaleza, fácil le hubiera sido hacerlo como lo hizo expresamente por la sección 14 de la Ley núm. 10 de 1917 ((2) pág. 217), según fué enmendada por la núm 17 de 1945 al imponer al querellado en tales casos —que siempre es el patrono—la obligación de pagar honorarios de abogado cuando se declare con lugar la querella.

■ El artículo 11 de la Ley núm. 43 de 14 de mayo de 1932 citado al principio de la opinión, expresamente dispone que *"y hasta tanto se hubiese adherido dicho sello no podrá radicar ese escrito"*. Y como para enfatizar su intención a ese respecto, la Legislatura subrayó esa frase. Si el abogado no cumple con esa obligación, el secretario no podrá legalmente radicar el escrito. Consecuentemente, no hubo escrito de apelación que confiriera jurisdicción a este Tribunal.

La circunstancia de que la sección 6 de la Ley núm. 17 de 1915 que regula el cobro de derechos y costas civiles, prescriba que el dejar de adherir el sello de rentas internas anula el escrito y que el artículo 11 de la Ley núm. 43 de 1932, según fué enmendado por la Ley núm. 60 de 28 de abril de 1939, sólo diga que no se radicará el escrito, no significa que deje de ser nula la radicación, cuando como hemos visto, la ley imperativamente dispone que no se radicará el documento. Si no hay radicación, legalmente no hay documento ante la corte.

█ Decir que un escrito suscrito por un abogado y radicado en contra de las disposiciones de la ley puede considerarse como si hubiera sido radicado por la parte, es insostenible. Concibo que pudiera llegarse a esa conclusión si, juntamente con la firma del abogado apareciera la de la parte apelante, pues quizás podría considerarse superabundante la firma del abogado.

█ Como se trata en el presente caso de un escrito de apelación, al enviar los abogados el sello forense después de expirado el término para apelar, equivale a una radicación fuera de término, y por consiguiente, no confiere jurisdicción.

*Por las razones expuestas soy de opinión que procede la desestimación del recurso.*

El Juez Asociado Sr. Negrón Fernández se inhibió.