Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se trata de una causa de acción tramitada en instancia al amparo de las disposiciones sumarias de la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. see. 3118, en la que' se reclama salarios dejados de percibir, horas extras y $100,000.00 en daños y perjuicios por alegado despido discriminatorio por razón de raza. Se reclama también la penalidad de ley (duplo) en los tres renglones. El querellante, Sr. Pascual Nieves, recurre de dos resoluciones de instancia, fechadas el 13 y 27 de junio de 1995. En la primera se deniega su solicitud de anotación de rebeldía y en la segunda se le requiere el pago o cancelación de $20 en sellos de rentas internas para el trámite de la reclamación de $100,000.00 de daños y perjuicios, en conjunto con la acción de salarios.
El 17 de agosto de 1995 dictamos resolución concediendo término de 20 días a la parte querellada-recurrida, Alltrista Unimark, Inc., para que presentara su posición respecto a la solicitud de certiorari presentada por el querellante y el 8 de septiembre de 1995 compareció mediante "Oposición a Petición de Certiorari".
*1197 Estudiados los dos asuntos en controversia, los que se circunscriben a dos aspectos de derecho, resolvemos en conjunto en aras de la economía procesal. Habiendo tenido ya el beneficio de los argumentos del querellante en cuanto a los dos asuntos y de la querellada respecto a la resolución del 27 de junio de 1995, la cual denegó la anotación de rebeldía, procedemos a resolver.
Conforme a lo señalado y mediante la presente, expedimos el auto solicitado y: (1) revocamos la resolución de instancia del 13 de junio de 1995 requiriendo el pago de arancel de $20 en sellos de rentas internas a cada parte, para el trámite de esa parte de la querella que comprende la acción de daños y perjuicios de $100,000.00 por el alegado discrimen racial. (2) Confirmamos en cuanto a la resolución del 27 de junio de 1995, la cual declaró No Ha Lugar la solicitud de anotación de rebeldía.
I
Pago de Arancel de $20.00
Como se sabe, la cancelación de los aranceles que dispone la ley es requisito de rango jurisdiccional. Maldonado v. Pichardo, 104 D.P.R. 778 (1976); De Soto v. Clínica, 70 D.P.R. 850 (1950). No obstante, por tratarse de un requisito específico de ley, cuando la ley lo exime, no existe impedimento jurisdiccional alguno ante los tribunales cuando no se cancelan.
Los aranceles a cancelar ante trámites judiciales se pagan y se cobran en consideración al expediente judicial, sin consideración alguna al número de reclamantes o número de reclamaciones que al amparo de la Reglas de Procedimiento Civil puedan tramitarse dentro de un mismo expediente. Meléndez v. Levitt & Sons of Puerto Rico, Inc., 106 D.P.R. 437 (1977).
Una acción de daños presentada al amparo del procedimiento ordinario ante el Tribunal de Primera Instancia, Sala Superior, cancela el arancel de $20 en sellos de rentas internas que requiere la Ley Núm. 4 del 12 de agosto de 1982, 32 L.P.R.A. see.1477. No obstante, la Ley Núm. 2, supra, según enmendada, autoriza el trámite de una acción en daños y perjuicios por alegado despido discriminatorio, por razones raciales dentro del ámbito procesal especial de dicha legislación, que específicamente exime al querellante del pago o cancelación de arancel y sellos de rentas internas.
No corresponde en este trámite determinar si dicha acción de $100,000 en daños debe continuarse dilucidando dentro del estrecho trámite procesal de la Ley Núm. 2, supra, o si el debido proceso de ley ha de requerir referir tal parte del litigio al procedimiento ordinario, decisión que también contempla la referida Ley. Lo único que aquí atendemos es el aspecto arancelario para la válida presentación de tal escrito y adquisición de jurisdicción por parte del Tribunal.
A tal respecto resolvemos que presentada válidamente la reclamación en daños y perjuicios por razón de alegado discrimen racial, como una causa de acción dentro de la querella, todo predicado conforme lo autorizan las disposiciones de la Ley Núm. 2, supra, toda la querella (inclusive la causa de acción en daños) quedó libre de cancelar arancel. En vista de ello el Tribunal no tiene impedimento jurisdiccional para entender y adjudicar todas las causas de acciones presentadas en la querella, una vez citado el querellante, independientemente de que todo se tramite dentro del procedimiento sumario, o que por razones de debido proceso de ley, la acción en daños se bifurque en juicio por separado (Regla 38.2 de Procedimiento Civil, 32 LPRA Ap. Ill R. 38.2) y se refiera al trámite ordinario con tal propósito. Una vez adquirida la jurisdicción no se requiere del querellante cancelación arancelaria ante estos hechos.
II
Anotación de Rebeldía
Atendamos a continuación lo resuelto mediante la Resolución del 17 de junio de 1995, la cual denegó la anotación de rebeldía.
El Artículo de la Ley Núm. 2, supra, dispone que:

"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, 
*1198
dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle."

Esta causa informa que la querella fue presentada en el Tribunal y notificada al querellado el 28 de marzo de 1995. El querellado fue diligente y prontamente contrató abogado, quien contestó la querella el 4 de abril de 1995, es decir apenas transcurridos siete (7) días luego de la citación. El abogado del querellado envió la Contestación por correo al día siguiente ( 5 de abril de 1995), al abogado del querellante e inexplicablemente hizo lo mismo con el original de la Contestación, el cual también envió por correo al Tribunal. No se conoce cuando llegó el original de la Contestación al Tribunal, pero éste la selló el lunes 10 de abril de 1995.
Como vemos, la Contestación a la querella fue confeccionada dentro del estrecho término de diez (10) días que requiere el trámite sumario y también fue notificada al abogado de la parte querellada dentro de dicho término. Inclusive, el original que corresponde al expediente judicial fue puesto al correo dentro del término de diez (10) días. Aún así, si bien en estricto conteo el término de diez (10) días para radicar la Contestación en el expediente judicial venció el viernes 7, también es de notar que éste fue el día hábil inmediato antes del lunes 10 de abril. Es decir, se trata de la dilación de un día laborable en el cumplimiento de uno de tres requisitos del procedimiento sumario que nos ocupa, lo cual entendemos no trunca ni afecta la rápida tramitación de la querella. En Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 505 (1982) se expresó:

"No hay duda de que nuestra Asamblea Legislativa, preocupada con la lentitud de los trámites judiciales ordinarios, tuvo el propósito de agilizar los procedimientos de reclamaciones de salarios al aprobar la citada Ley Núm. 2 de 17 de octubre de 1961. Ahora bien, las leyes no se interpretan ni se aplican en. el vacío. No todos los casos son iguales; un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que éstos parezcan ser iguales."

En el caso que nos ocupa las antedichas expresiones cobran vigencia pues conceder la anotación de rebeldía equivale a declarar con lugar una reclamación de $157,132.32 en horas extras y otra de $4,554.56 en concepto de salarios dejados de percibir, quedando únicamente ante instancia la presentación de prueba testifical para la fijación del monto de los daños y perjuicios conforme lo requiere la Regla 45.2(b) de Procedimiento Civil. Según lo reclamado, los daños y perjuicios son estimados en una cantidad no menor de $100,000.00 a la que debe sumarse la penalidad establecida por ley. Estamos hablando de una reclamación que puede alcanzar a un posible dictamen de $361,686.88 de principal.
De lo anterior, fácilmente puede colegirse el impacto económico que una automática anotación de rebeldía podría acarrear para el querellado, quien por una aplicación inflexible de la disposición de ley estaría privado de su día en corte. Ante estos hechos fue que el Tribunal de Instancia, actuando responsable y correctamente se negó a anotar la rebeldía del querellado. El proceso judicial no es un juego de loto. Una desviación mínima de una regla estricta, que a su vez no causa perjuicio real, no constituye incumplimiento de consecuencias tan severas como la de privar a una parte de su día en corte. A tal respecto dispone la última oración de la Regla 50 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III

"Durante el curso del Procedimiento el tribunal deberá hacer caso omiso de cualquier error o defecto en el mismo que no afecte los derechos sustanciales de las partes."

Dictamen
Conforme a lo expuesto se revoca la Resolución de 13 de junio de 1995 y con ello la orden que dispuso la cancelación de aranceles en el caso de marras. En cuanto a la Resolución de 27 de julio de 1995 se confirma la misma en tanto y en cuanto denegó la anotación de rebeldía y en su lugar dispuso para la continuación de los procedimientos.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
*1199 María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 306
1. Son pertinentes las expresiones vertidas por el Hon. Antonio J. Amadeo Murga, Juez de Apelaciones en su voto particular en el caso KLCE-95-00333 a los efectos de que:

"Favorecemos que los pleitos se ventilen prontamente, sobre todo aquellos en que envuelvan el salario que la mayoría de nuestra población necesita para adquirir el pan de cada día... Pero en nombre del interés público envuelto no debemos abstraemos de equilibrar en la medida posible los intereses legítimos de la otra parte como es tener su día en corte. Tal es nuestro deber judicial."